IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAYCOR, INC., | : | Case No> |
| as FIDUCIARY FOR THE PAYCOR, INC. | : | |
| EMPLOYEE BENEFITS PLAN | : | |
| 4811 Montgomery Rd. | : | JUDGE |
| Cincinnati, OH 45212 | : | |
| | : | |
| United HealthCare Service Inc. | : | |
| As Claims Administrator | : | |
| 185 Asylum St. | : | |
| Hartford, CT 06103 | : | |
| | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | |
| | : | |
| EUGENE C. GRAHAM | : | |
| 6761 Forrest Hill Ln. | : | |
| Hamilton, OH 45011 | : | |
| | : | |
| KIMBERLY L. GRAHAM | : | |
| 6761 Forrest Hill Ln. | : | |
| Hamilton, OH 45011 | : | |
| | : | |
| STEVEN MAGAS | : | |
| d.b.a. The Magas Firm | : | |
| 7733 Beechmont Ave. | : | |
| Suite 210 | : | |
| Cincinnati, OH 45255 | : | |
| | : | |
|     Defendants. | : | |
| | : | |

_____

### PLAINTIFFS' ORIGINAL COMPLAINT

_____

NOW COMES Paycor, Inc., as Fiduciary of the Paycor, Inc. Employee Benefits Plan and United HealthCare Services Inc., as claims administrator for the Paycor, Inc. Employee Benefits Plan- Medical Plan, (hereinafter collectively "Plaintiffs") and file their Complaint and Application for Injunctive Relief, and in support thereof would show unto the Court as follows:

1. This is an action for equitable relief arising under the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. §1001 et seq. Specifically, Plaintiff seeks equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3).

## I. PARTIES

2. Paycor, Inc. (hereinafter "Paycor") as Fiduciary of the Paycor, Inc. Employee Benefits Plan (hereinafter the "Plan") is a private company with its headquarters located in Cincinnati, OH. The Plan is a self-funded ERISA plan with all benefits paid from the assets of Paycor, Inc. or employees thereof. None of the benefits under the Plan are paid through an insurance policy.

3. United HealthCare Serviced Inc. (hereinafter "United") is a third-party claims administrator of the Plan's Medical Coverage and is a publicly company with its headquarters in Minneapolis, MN.

4.  Defendant Eugene C. Graham is a resident of the State of Ohio and may be served by certified mail at 6761 Forest Hill Lane, Hamilton, OH 45011. Mr. Graham is an employee of Paycor and was covered under the Plan at the time of a bike accident of July 28th 2019.

5.  Defendant Kimberly L. Graham is a resident of the State of Ohio and may be served by certified mail at 6761 Forest Hill Lane, Hamilton, OH 45011. Ms. Graham is the spouse of Eugene Graham as of the date of the bike accident of July 28th, 2019.

6.  Defendant Attorney Steven Magas (hereinafter the "Attorney") d.b.a. The Magas Firm is an attorney representing the Grahams in connection with a personal injury accident involving Mr. Graham on a bike and a dog.

## II. JURISDICTION

7.  This Court has original and exclusive jurisdiction over Plaintiff's claims for appropriate equitable relief under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3) pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331. In addition, the Southern District of Ohio has jurisdiction over this matter under 29 U.S.C. §1132 (e)(2) because the breach took place within Ohio.

8.     The Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's claims against Steven Magas the claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.  FACTUAL BACKGROUND

9.     The Plan provides healthcare benefits to certain employees, spouses and dependents of employees of Paycor including Eugene Graham as Plan participant.

10.    Benefits provided under the Plan require a participant or covered person who has a medical injury, illness or condition that is caused by a third party, and who recovers from such third party, or another insurance carrier, to repay the Plan for the medical expenses paid by the Plan.

11.    The Plan further provides that its right shall have first priority right to reimbursement from any settlement received by a plan participant.  This right is for first priority against any settlement benefits, and provides for 100% reimbursement, without any reduction for attorney's fees or when the plan participant is not made whole by the settlement.

12. Benefits provided under the Plan are funded directly by employer and participating employee contributions, not through any insurance carrier. Paycor as the Plan Administrator delegated claims administration of the Plan to a third-party administrator United. United as the third-party administrator, does not insure the plan. United Healthcare processes claims under the Plan pursuant to its terms and pays claims with Plan's funds, not insurance funds.

13. On or about July 28th, 2019, Defendant Eugene Graham was injured while riding his bicycle by a dog. This accident was caused by the negligence of the dog's owner. As a result of the accident, Mr. Graham sustained personal injuries which required medical care and treatment. Currently, the Plan had paid medical bills totaling $54,652.54 as of the filing of this complaint.

14. Defendants Graham and Attorney recently settled their claims for personal injury, loss of consortium with the responsible dog owner and/or their agents.

15. Upon information and belief, the settlement funds are or will be in the possession of Defendants Graham and/or the trust account of the Attorney.

16. Although not required by the explicit provisions of the Plan, Defendants have refused to reimburse the Plan for the medical payments made as a result of the accident. The settlement funds rightfully belong in good conscience to the Plan and are subject to Defendants' control.

17. The settlement funds are subject to an equitable lien by agreement and must be held for the benefit of the Plan by the Defendants.

18. The ERISA statute at 29 U.S.C. § 1104(1) creates a "prudent man" standard for a fiduciary to discharge its duties solely in the interests of all participants and beneficiaries, for providing benefits, defraying costs…and in accordance with the terms of the plan documents. Plaintiffs have a fiduciary duty to protect the Plan, its assets, which includes reimbursement payments from settlements. Plaintiffs are obligated to enforce the terms of the Plan which require reimbursement from the settlement. It is necessary for the Plan to file this suit in order to protect the Plan's interests in the settlement funds prior to distribution.

### IV.  CLAIMS

**COUNT 1-- ENFORCEMENT OF ERISA PLAN TERMS AND DECLARATORY JUDGMENT**

19.. Paragraphs 1 through 18 are hereby incorporated as if fully set forth herein.

20. Pursuant to 29 U.S.C. § 1132(a)(3), the Plaintiffs seek to enjoin Defendants' acts which violate the terms of the Plan and to obtain appropriate equitable relief against the Defendants by enforcement under ERISA of the terms of the Plan.

21. Defendants are/or in the immediate future will be in constructive or actual possession of settlement funds, which are identified and distinct, that as a matter of equity and good conscience belong to the Plan. The Plan requires that Defendants act as trustee over the settlement funds.

22. Plaintiffs ask this Court to place an equitable lien by agreement on these funds and order that they be held by Defendants for the benefit of the Plan.

## COUNT 2--RIGHT OF REIMBURSEMENT

23. Paragraphs 1 through 22 are hereby incorporated as if fully set forth herein.

24. The Plan provides the following (in part):

If a Covered Person becomes injured or ill because of the actions or inactions of a third party, the Plan shall have the right to recover

> related Plan expenses out of any payments made by (or on behalf of) the third party (whether by lawsuit, settlement, or otherwise) to a Covered Person (of his or her assignee). The Plan's right of recovery applies to the extent the Plan has paid expenses related to the injury or illness, regardless of whether any related settlement or other third-party payment states that the payment (all or part of it) is for health care expenses. By accepting Plan benefits to pay for treatments, devices or other products or services related to such injury or illness, Covered Person agrees to place such third-party payments in Covered Person's separate identifiable account (in an amount equal to related expenses paid by the Plain, or if less, the full third-party payment amount) and that the Plan has an equitable lien on such funds, without regard to whether the Covered Person has been made whole or fully compensated for the injury or illness. Covered Person also agrees to serve as a constructive trustee over the funds until the time they are paid to the Plan. …

*See Section 9.12 Subsection C of Master Plan Document attached as Exhibit 1.*

26. The Plan therefore has an "equitable lien by agreement" and "constructive trust" over the proceeds of the aforementioned settlement to the extent of what it has paid in benefits.

27. Defendants have taken possession of a settlement fund from the "third-party" which is subject to an equitable lien by agreement and constructive trust for the amount due the plan.

28. Defendants must reimburse the Plan from this fund pursuant to the equitable lien by agreement upon the settlement funds up to the amount of the bills paid totaling $54,652.54.

## COUNT 3- Equitable Claim for Personal Liability on Defendants

29. Paragraphs 1 through 28 are hereby incorporated as if fully set forth herein.

30. Alternatively, Defendants have received the third-party settlement funds either spending those funds or co-mingling those funds to prevent their being traced into a specific account.

31. Defendants used the funds which in good conscience belonged to the Plan and which were the subject of the equitable lien by agreement.

32. In light of the inability to be traced, Defendants are subject to an equitable decree holding them personally liable at equity for use of the funds subject the equitable lien. *See Restatement of Restitution, Introductory Note, Chapter 9, Topic 1- Equitable Remedies.*

## V. DAMAGES

33. As the result of the actions by Defendants, the Plan has been harmed and Plaintiff seeks appropriate equitable relief, pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), in the form of (1) the imposition of a constructive trustor equitable lien by agreement in favor of the Plan upon the settlement funds in constructive or actual possession of Defendants; (2) a declaration of the Plan's ownership of the settlement funds up to the amount of payments made by the Plan

for medical expenses (up to the amount of $54,652.54 or the amount paid at the time of the declaration), and (3) alternatively an equitable decree of personal liability upon the Defendants for personal liability to repay the plan the full $54,652 or the full third-party recovery if less and not traceable.

29. Plaintiff seeks its attorney's fees in the prosecution of this matter as authorized by 29 U.S.C. § 1132(g), 502(g)(1).

WHEREFORE, PLAINTIFFS pray for the following relief against Defendants, jointly and severally, as follows:

a) issue an order prohibiting Defendants from disbursing any of the settlement funds;

b) impose a constructive trust and/or equitable lien by agreement in favor of Plaintiffs against the fund either for the full amount of the fun or in the amount of $54,652.54;

c) order Defendants to turn over the settlement funds up to the amount of Plaintiff's payments totaling $54,652.54;

alternatively, if the funds are not traceable or co-mingled

d) enter a decree at equity in favor of the Plaintiffs against the Defendants personally obligating them to reimburse the plan for the funds they improperly spent which belonged to the Plan and Plaintiff;

e) award court costs;

f) award attorney's fees to the Plaintiffs against Defendants.

g) grant any other further equitable relief which the Court deems appropriate.

Respectfully submitted,

Kreiner & Peters Co., LPA

By:    /s/ *Daran Kiefer*
DARAN KIEFER
Ohio Bar No. 0064121
P.O. Box 6599
Cleveland, Ohio 44101
Telephone: (216) 771-6650
Facsimile: (216) 431-0156
dkifer@subrogation-recovery.com

ATTORNEY FOR PLAINTIFFS
Paycor, Inc., As Fiduciary of Paycor, Inc., Employee Benefits Plan & United HealthCare Services Inc.