UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PAYCOR, INC., et al. | : | CASE NO. 1:21CV0191 |
| Plaintiffs, | : | JUDGE TIMOTHY S. BLACK |
| v. | : | |
| EUGENE C. GRAHAM, | : | PLAINTIFFS' MOTION TO DISMISS DEFENDANTS MAGAS' COUNTERCLAIM |
| Defendant. | : | |

Now come the Plaintiffs, by and through counsel, and move this Court pursuant to Fed. R. Civ. P. 12(B)(6) to dismiss the "counterclaim" filed by Defendant Magas. The legal and factual rational for this "Motion to Dismiss" are stated in the attached memorandum which is incorporated by reference herein.

Respectfully submitted,

/s/ Daran Kiefer
DARAN P. KIEFER (0064121)
KREINER & PETERS CO. L.P.A.
P.O. Box 6599
Cleveland, Ohio 44101
(216) 771-6650
(216) 431-0156 fax
DKiefer@subrogation-recovery.com

**PLANTIFFS' MOTION TO DISMISS**
**DEFENDANTS GRAHAM'S COUNTERCLAIM**

Plaintiffs move this Court pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the "counterclaim" asserted by Defendant Magas. This Court should reject any consideration of the 28 U.S.C. §2201 Declaratory Judgment Act claims as Magas doesn't satisfy the required factors found in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.,* 746 F. 2d 323, 326 (6th Cir. 1984). The declaratory relief should not be considered as this Court already has the case seeking equitable enforcement of the ERISA plan. The counterclaim represents merely Magas' potential defense to plan enforcement and not a new cause of action. Also, Ohio statute cannot be applied to override the plan provision of this self-funded ERISA plan. Thus, Plaintiffs move this Court to dismiss the counterclaim.

**I. FACTS FROM THE COUNTERCLAIM**

As required under the Fed. Civ Rule 12(B)(6), the facts asserted in the Magas' "counterclaim" must be taken as true for purposes of discerning whether or not he asserts a viable claim for relief. Defendant Magas seeks as "declaratory relief" that Plaintiffs not be able to assert a claim against him and limit any such recovery pursuant to O.R.C. §2323.44. Magas' counterclaim actually is a statement of his defenses to the current action rather than a new or recognized cause of action. In fact, his "WHEREFORE" clause demonstrates a lack of any new claim being sought as Magas simply asserts his relief as preventing the current ERISA enforcement action.

Factually, Defendant Magas makes several key assertions in his counterclaim which demonstrate a legal bar to his counterclaim proceeding. First, he alleges he was the agent for the Defendant Grahams. *See Counterclaim parag. 1.* Second, Defendant Magas alleges his client obtained health care through her employer. *Id. parag. 2* Third Defendant Magas alleges Paycor is the "fiduciary" for a self-funded plan. *Id. parag. 3.* Per the allegations, Defendant Magas as the attorney/agent for covered participant in a self-funded ERISA plan filed a counterclaim against the Plan "fiduciary" and claims administrator to prevent plan enforcement regarding his representation of the ERISA participant. Defendant Magas, as attorney and agent of the ERISA participant, is also limited by ERISA as to what relief and actions can be sought.

## II. LAW & ARGUMENT

### A. RULE 12(b)(6) STANDARD

A party may, before filing a responsive pleading, seek to dismiss a case under Federal Rule 12(b). *See Fed. R. Civ. P. 12(b).* Specifically, Fed. Civ. R. 12(b)(6) provides for dismissal of a case for "failure to state a claim upon which relief can be granted". *Id subsection (6)* In reviewing a Rule 12(b)(6) motion, a district court must look at the complaint in a manner favorable to the Plaintiff and accept the factual allegations as true. *See Columbia Natural Resources v. Tatum,* 58 F. 3d 1101, 1109 (6th Cir. 1995). In *Tatum,* the Sixth Circuit stated this test as follows:

> The district court must construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.

*Id. (citation omitted); See also, Ohio v. United States,* 849 F. 3d 313, 318 (6th Cir. 2017) The Rule 12(b)(6) standard is liberal but does still require a Plaintiff to assert more than bare legal conclusions. *See Tatum, pg. 1109 (citation omitted)*

In fact, a Motion to Dismiss under Civil Rule 12(b)(6) tests the legal sufficiency of the complaint to determine if a legally viable claim for relief was asserted. *See Riverview Health Inst. LLC v. Medical Mut. of Ohio,* 601 F. 3d 505, 512 (6th Cir 2010), s*ee also, Kuntz v. Prudential Life Ins. Co. of America,* 2017 U.S. Dist. LEXIS 45741 (N.D. Ohio) (Rule 12(b)(6) motion tests legal sufficiency, ERISA preempts state law claims); *Copeland v. Am. Postal Workers Accident Benefit Ass'n.,* 2014 U.S. Dist. LEXIS 37842 (N.D. Ohio 2014)( Rule 12(b)(6) requires Plaintiff to state all elements of a viable legal theory)   The Sixth Circuit stated this proposition as follows:

> Therefore, a motion for dismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to make a valid claim or if the claim shows on its face that relief is barred by an affirmative defense. In a situation involving an affirmative defense, "the claim is stated adequately..., but in addition to the claim the contents of the complaint includes matters of avoidance that effectively vitiate the pleader's ability to recover on the claim. In [such a] situation the complaint is said to have a built-in defense and is essentially self-defeating.

*Riverview,* 601 F. 3rd at 512, citing to, *5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004)*   A Rule 12(b)(6) motion tests whether or not the allegations state

a "viable" legal claim for relief or whether there is a defense to the claim which prohibits it going forward.

Plaintiffs challenge the legal viability of Defendant Magas' counterclaim under Fed. R. Civ. P. 12(b)(6). Specifically, 29 U.S.C. 1132 provides the limited remedies and rights available to the Defendant Magas as the attorney/agent for an ERISA participant such that a "federal declaratory judgment" involving Ohio's §2323.44 cannot be maintained. Thus, Plaintiffs move this Court to dismiss the counterclaim in its entirety.

### B. Declaratory Judgment not available

28 U.S.C. §2201 Declaratory Judgment Act provides a party an avenue to clarify rights without waiting for the adversary to file suit. *See Severe Records, LLC v. Rich,* 658 F. 3d 571, 580 (6th Cir. 2011), *citing to, Fireman's Fund Ins. Co. v. Ignacio,* 860 F. 2d 353, 354 (9th Cir. 1988). Specifically, §2201(a) provides in part that "any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights". *See 28 U.S.C. §2201(a) (emphasis added).* Declaratory relief is a remedy used to clarify rights and obligations for which District Courts have discretion to hear or not hear.

The United States Supreme Court noted that the Declaratory Judgment Act confers "unique and substantial discretion" on the District Courts of whether to entertain such an action or not. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995). The Sixth Circuit has established a five-factor test for District Courts to use when determining whether or not to entertain a claim under the Declaratory Judgment Act. *See Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.,* 746 F. 2d 323, 326 (6th Cir. 1984). A District Court must provide a coherent scrutiny of the action to determine whether it would aide in the efficiency and fairness of the case. *See Western*

*World Ins. Co. v. Hoey,* 773 F. 3d 755, 759 (6th Cir. 2014). The *Grand Trunk* fifth factor asks whether or not there is a more effective or better remedy existing. If this Court is going to entertain the Declaratory Judgment Act complaint, it must provide a detailed analysis of the *Grand Trunk* factors in order to support its decision. *See Byler v. Air Methods Corp.,* 823 Fedd Appx. 356, 365 (6th Cir. 2020) There is a legal question as to whether or not ERISA allows for a party to seek Federal Declaratory Judgment Action. *See NGS Am. Inc. v. Jefferson,* 218 F. 3d 519 (6th Cir. 2000).

"There are two forms of ERISA preemption: express preemption (which applies broadly) and complete preemption (which applies narrowly)." *See K.B. v. Methodist Healthcare – Memphis Hosp.,* 929 F. 3d 795 (6th Cir. 2019). ERISA "complete" preemption arises from 29 U.S. C. §1132(a) (also referred to as §502(a)) being the exclusive rights and remedies afforded to ERISA plan beneficiaries to seek redress from an ERISA plan. *See Aetna Health Inc. v. Davilla*, 542 U.S. 200, 215-216 (2004); Pilot Life Ins. Co. v. Deadeaux, 481, U.S. 41, 54 (1987) ("ERISA civil enforcement remedies were intended to be exclusive"). The U.S. Supreme Court noted that the civil enforcement sections found in ERISA cannot be "added to" or "supplemented" by other causes of action allowing a party to seek redress such as declaratory judgment relief.

In the present case, Plaintiffs filed the federal ERISA claim under 29 U.S.C. §1132(a)(3) against the Magas seeking to enforce the plan's right to reimbursement from the tort settlement proceeds he potentially had received by way of fee in representing the Grahams. Already, this Court must decide what rights the Plaintiffs as

fiduciaries of a self-funded ERISA plan have to recoup plan assets held by Magas. ERISA provides such a right under 29 U.S.C. §1132(a)(3) to seek such remedy from the Defendant as well as precedent of the Sixth Circuit allowing suit against the personal injury attorney. *See Longaberger Co. v. Kolt,* 586, F. 3d 459 (6th Cir. 2009), *overruled in part*, *Montanile v. Bd. of Trs. Of the Nat'l Elevator Indus. Health Ben. Plan,* 577 U.S. 136 (2016). As part of this determination, this Court will have to examine the doctrines of equitable relief to determine if a recovery in fact can be had.

Defendant Magas' declaratory judgment action is nothing new but instead a resuscitation of his argued defenses to enforcement of the plan against them. There is no need for the counterclaim as all the issues raised are really a defense to the claim by the Plaintiffs. In fact, Defendant Magas asks for determination that Plaintiffs cannot sue him and seek recovery from his personal assets. The counterclaim is nothing more than Defendant Magas harassing the Plaintiffs by subjecting them to additional pleadings and claims. Based upon the *Grand Trunk* factors there is absolutely no reason for this Court to entertain this Declaratory Judgment action and it should be dismissed.

### C. Declaratory Judgment under O.R.C. §2323.44 not available

The Supreme Court has long held that an ERISA participant has only those remedies and rights provided for in 29 U.S.C. §1132 when pursuing a recovery against the ERISA plan and/or its fiduciary. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41 (1987). In speaking for the court's majority, Justice O'Connor stated the exclusive nature of ERISA §1132 remedies as follows:

> The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies argue strongly for the conclusion **that ERISA's civil enforcement remedies were intended to be exclusive.** This conclusion is fully confirmed by the legislative history of the civil enforcement provision.

*Id. pg. 52.(emphasis added)* The decision in *Pilot Life* is particularly on point as the Supreme Court held that the Mississippi state tort of "bad faith" was preempted by ERISA.

The Sixth Circuit has consistently followed and reinforced the Supreme Court's ruling in *Pilot Life.* ERISA preempts state law "labeled" claims when they represent restated claims for breach of fiduciary duty. *See Smith v. Provident Bank*, 170 F. 3d 609, 615 (6th Cir. 1999). The Sixth Circuit has held state law tort claims for monetary compensation are preempted by ERISA as well. *See Ramsey v. Formica Corp.,* 398 F. 3d 421 (6th Cir 2005) The Sixth Circuit has held that a dismissal of state law tort claims against ERISA fiduciaries should be "with prejudice" when they seek or allege any misallocation of plan assets. *See Briscoe v. Fine,* 444 F. 3d 478, 500-501 (6th Cir. 2006)

"The purpose of ERISA preemption was to avoid conflicting federal and state regulation and to create national uniform administration of employee benefit plans." *PONI,* 399 F. 3d at 698. Actions taken by a fiduciary in furtherance of subrogation rights preempts state law tort claims. *See Werner v. Primax Recoveries, Inc.,* 365 Fed App. 664, 667 (6th Cir. 2010), *cited in, Copeland v. Am. Postal Workers Accident Benefit Ass'n,* 2014 U.S. Dist. LEXIS 37842 (N.D. Ohio 2014) In *Werner,* the Sixth Circuit stated:

> Each of Werner's state-law claims depends on those allegations, because each claim requires consideration of Primax's actions under the

> subrogation clause. That dependency more than meets the "relates to" standard in § 1144(a), and thus these claims are all preempted.

*Id.* ERISA preempts state law claims of all types when the underlying allegations involve the administration of the plan and determination of plan's reimbursement rights.

The Sixth Circuit also established three areas of state law claims which are clearly preempted by ERISA. *See Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.,* 399 F. 3d 692, 698 (6th Cir. 2005) (hereinafter "*PONI*"). In the *PONI* case, the Sixth Circuit stated that state laws or actions are preempted if:

> (1) "mandate employee benefit structures or their administration;" (2) provide "alternative enforcement mechanisms;" or (3) bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself."

*Id., citing to, Coyne & Delany Co. v. Selman,* 98 F. 3d 1457, 1468 (4th Cir. 1996). State law claims or actions which present an "alternative enforcement" avenue or which seek to "preclude uniform" administration of an ERISA plan are completely preempted.

Complete preemption eliminates any state-law action which seeks to challenge uniform administration of an ERISA plan. Where a state law claim has as its basis only the ERISA plan, state law claims are preempted as alternatives to ERISA remedies in 29 U.S.C. §1132(a). *See Briscoe, 44 F. 3d at 499-500.* An ERISA participant's state law claim which "challenges the manner" by which an ERISA plan is "administered" is completely preempted. *See Lowe v. Lincoln Nat'l Life Ins. Co.,* 821 Fed. Appx. 489, 492-492 (6th Cir. 2020). Where state-law claims stem from a failure to abide by the terms of the plan, ERISA preempts such state law claims from going forward. *See Caffey v. Unum Life Ins. Co.,* 302 F. 3d 576, 582 (6th Cir.2002).

In his counterclaim, the Grahams ask this Court under the Declaratory Judgment Act to issue a ruling subjecting the Paycor self-funded plan's reimbursement obligations to being overridden by O.R.C. §2323.44. Again, Defendants by way of counterclaim attempt to assert Ohio law which they believe prevents plan enforcement. Again, this is nothing more than a potential defense to plan enforcement and not a new action such that this Court should entertain it.

Additionally, the ERISA case decisions from the Sixth Circuit make it clear that Ohio's subrogation statute cannot be applied to prevent plan enforcement under ERISA. If this Court allowed Ohio's statute to apply for this case involving an Ohio accident, then it would lead to disparate treatment under ERISA such as if an accident happened in Florida. O.R.C. §2323.44 represents state law which seek to override and abrogate ERISA plan language in direct contravention of the enactment and purpose of ERISA. Thus, the counterclaim for application of Ohio statute should be rejected as well.

### III. CONCLUSION

Plaintiffs move this Court for an order dismissing Defendant Magas' counterclaim against the Plaintiffs pursuant to Fed. R. Civ. P. 12(B)(6). The counterclaim seeks impermissible and unavailable Declaratory Judgment which is nothing more than a defense to the pending action. Also, Ohio's statute cannot be used to override the plan provision. Thus, Plaintiffs ask this Court to dismiss the counterclaim.

Respectfully submitted,

_/s/ Daran Kiefer_____
DARAN P. KIEFER (0064121)
KREINER & PETERS CO. L.P.A.
P.O. Box 6599
Cleveland, Ohio 44101
(216) 771-6650
(216) 431-0156 fax
DKiefer@subrogation-recovery.com

CERTIFICATE OF SERVICE

I certify that a copy of the forgoing pleading was sent via email on this 24th day of November 2021 to:

Stephanie Day
SDay@beckman-weil.com
Attorney for the Grahams

Danile R. Mordarski
Dan@mordarskilaw.com
Attorney for Magas

_/s/Daran Kiefer_____
DARAN KIEFER